United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20771
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY THANH NGUYEN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-740-2
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Troy Nguyen appeals following his jury conviction of conspiracy to possess with intent to distribute Ecstacy and aiding and abetting possession with intent to distribute Ecstacy. He asserts the following: (1) his attorney was ineffective for not filing a pretrial motion to suppress Nguyen's statement made after a Houston narcotics officer approached Nguyen and identified himself; (2) Nguyen's statement followed an illegal arrest and the district court should have granted the motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suppress the statement; (3) the district court erred in denying Nguyen's motion for judgment of acquittal because there was not sufficient evidence to convict; (4) Nguyen's attorney was not present during Nguyen's identification of a coconspirator in a photographic lineup, which occurred after Nguyen had retained counsel in violation of his Sixth Amendment right to counsel, and his attorney was ineffective for not objecting to the introduction of the lineup evidence at trial; (5) Nguyen's attorney was ineffective for not objecting to the introduction of Nguyen's identification of a coconspirator based upon a discovery violation; and (6) Nguyen's attorney's cumulative errors constituted ineffective assistance of counsel.

We generally do not review claims of ineffective assistance of counsel on direct appeal when those claims have not been presented before the district court, since no opportunity existed to develop the record. United States v. Haese, 162 F.3d 359, 363 (5th Cir. 1998). We will review ineffective-assistance claims on direct appeal only in rare cases where the record allows for a fair evaluation of the merits. Id.; United States v. Rivas, 157 F.3d 364, 369 (5th Cir. 1998). The record is not sufficiently developed with respect to any of Nguyen's claims of ineffective assistance of counsel, and we decline to review those claims on direct appeal.

Nguyen has not shown error with the district court's denial of the motion the suppress the evidence of Nguyen's statement

made following Officer Daniel's approach and identification of himself to Nguyen.  See United States v. Santiago, 310 F.3d 336, 340 (5th Cir. 2002); United States v. Cooper, 43 F.3d 140, 145-46 (5th Cir. 1995).  Nguyen fails to adequately brief the denial of the motion for a judgment of acquittal; accordingly, this issue is waived.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Nguyen has not shown that his Sixth Amendment right to counsel had attached at the time of his photo lineup identifications of a coconspirator and has not shown plain error with the admission of this evidence.  See United States v. Gouveia, 467 U.S. 180, 190 (1984); United States v. McClure, 786 F.2d 1286, 1290 (5th Cir. 1986); see also United States v. Olano, 507 U.S. 725, 732 (1993).

AFFIRMED.